# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| Roman Moss, ) | |
| ) | Civil Action No.: 1:14-cv-03808-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Savannah River Remediation, LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff Roman Moss ("Plaintiff") filed this action against his former employer, Defendant Savannah River Remediation, LLC ("Defendant"), alleging that he was subjected to race discrimination, a hostile work environment, and retaliation, all in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e–2000e-17.[1] (ECF No. 1 at 5–6.) Plaintiff also alleges race discrimination in violation of 42 U.S.C. § 1981 ("§ 1981") and a claim for breach of contract under state law. (*Id.* at 6–8.)

This matter is before the court on Defendant's Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (ECF No. 21.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(g) D.S.C., the matter was referred to United States Magistrate Judge Shiva V. Hodges for pretrial handling. On June 27, 2016, the Magistrate Judge issued a Report and Recommendation in which she recommended that the court grant Defendant's Motion for Summary Judgment as to all of Plaintiff's claims. (ECF No. 28.) Plaintiff filed Objections to the Magistrate Judge's Report and Recommendation, which are presently before the court. (ECF

---

[1] The court observes that Plaintiff also identifies gender discrimination as one of his causes of action in the first paragraph of the Complaint. (ECF No. 1 at 1, ¶ 1.) However, Plaintiff did not allege any facts to support a gender discrimination claim.

1

No. 29.) For the reasons set forth below, the court **ACCEPTS** the Magistrate Judge's recommendation and **GRANTS** Defendant's Motion for Summary Judgment.

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The facts of this matter are discussed in the Report and Recommendation. (ECF No. 28 at 2–10.) The court concludes, upon its own careful review of the record, that the Magistrate Judge's factual summation is accurate and incorporates it by reference. The court will only reference herein those additional facts viewed in the light most favorable to Plaintiff that are pertinent to the analysis of his claims.

Defendant entered into a project agreement ("PA") with several unions, including Laborers International Union of North America, Local 515, for work performed for the Department of Energy at the Savannah River Site ("SRS"). (ECF No. 21-2 at 9-30.) Plaintiff, a Caucasian male, joined the union in the summer of 2009. (ECF No. 21-4.) After referral by the union, Defendant hired Plaintiff as a craft laborer at SRS on May 11, 2010. (ECF No. 21-2 at 1-7.)

Craft laborers were evaluated every six months by their foremen and general foremen under a Craft Performance Evaluation Program ("Evaluation"). (ECF No. 21-1 at 38.) When a site supervisor determined that the number of craft employees exceeded the current workload, he or she would request a layoff with Defendant's labor relations department, and the manager of Defendant's labor relations department would then select the employees with the highest Evaluation scores to be laid off. (ECF No. 21-2, ¶ 16.) In July 2012, Plaintiff and two African-American employees were selected for layoff based on a reduction in force ("RIF"). (*Id.* ¶ 48.)

After his termination from SRS, Plaintiff filed a Charge of Discrimination (the "Charge") with the United States Equal Employment Opportunity Commission ("EEOC") and the South Carolina Human Affairs Commission ("SCHAC"). (ECF No. 1 at 1, ¶ 2(a).) In the Charge, Plaintiff

alleged that he was discriminated against because of his race and gender and retaliated against in violation of Title VII. (*Id.*) After receiving notice of the right to sue from the EEOC as to the Charge, Plaintiff filed an action on September 29, 2014, in this court, alleging claims for (1) race discrimination, a hostile work environment, and retaliation ("Count 1"), (2) violation of 42 U.S.C. § 1981 ("Count 2"), and (3) breach of contract ("Count 3"). (ECF No. 1 at 5–8.) Defendant answered the Complaint on December 11, 2014, denying its allegations. (ECF No. 9.) On October 22, 2015, Defendant filed its Motion for Summary Judgment. (ECF No. 21.) Plaintiff filed his Response in Opposition to the Motion for Summary Judgment on November 20, 2015, to which Defendant filed a Reply on December 3, 2015. (ECF Nos. 25, 26.)

In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., the Magistrate Judge issued her Report and Recommendation on June 27, 2016, recommending that Defendant's Motion for Summary Judgment be granted as to all of Plaintiff's claims. (ECF No. 28.) As to the discriminatory discharge claim under Title VII in an RIF context, the Magistrate Judge observed that Plaintiff's claim fails because he cannot either identify "anyone who was retained whose performance was worse or who had a worse Evaluation score" or demonstrate that "he was performing at a level substantially equivalent to the lowest level of the group retained or that the RIF produced a residual workforce containing unprotected persons performing at a level lower than Plaintiff." (ECF No. 28 at 12–13, 16.) The Magistrate Judge assessed Plaintiff's retaliation claim under the *McDonnell Douglas*[2] framework and found that Plaintiff's claim fails because he did not produce any evidence that the persons contributing to his Evaluation score had any knowledge of his protected activity. (ECF No. 28 at 15.)

On July 14, 2016, Plaintiff filed Objections to the Magistrate's Report and

---

[2] *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973).

3

Recommendation. (ECF No. 29.) Defendant filed a Reply to Plaintiff's Objections on August 1, 2016. (ECF No. 31.) On August 17, 2016, the court held a hearing on the pending Motion for Summary Judgment. (ECF No. 33.)

## II. LEGAL STANDARDS AND ANALYSIS

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court reviews *de novo* only those portions of a Magistrate Judge's Report and Recommendation to which specific objections are filed, and reviews those portions which are not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[I]n ruling on a motion for summary judgment, 'the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in [her] favor.'" *Tolan v. Cotton*, ___ U.S. ___, 134 S. Ct. 1861, 1863 (2014) (per curiam) (brackets omitted) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S.

317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in her pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *See id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *See Liberty Lobby, Inc.*, 477 U.S. at 252. A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and a fact is material if it "might affect the outcome of the suit under the governing law." *Id.* at 248.

The law is clear on how a Title VII plaintiff may survive a motion for summary judgment: "Plaintiffs may prove [Title VII] violations either through direct and indirect evidence of retaliatory animus, or through the burden-shifting framework of *McDonnell Douglas Corp. v. Green*. [Courts] have also referred to these two 'avenues of proof' as the 'mixed-motive' framework and the 'pretext' framework, respectively." *Foster v. Univ. of Md-E. Shore*, 787 F.3d 243, 249 (4th Cir. 2015) (internal citations omitted); *see Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) ("[A] Title VII plaintiff may avert summary judgment through *two* avenues of proof." (internal quotation marks and ellipsis omitted)). "It is left to the plaintiff's discretion whether to proceed by direct and indirect evidence or by mean of the *McDonnell Douglas* burden-shifting framework." *Foster*, 787 F.3d at 249.

Under the pretext framework, in the RIF context, a plaintiff must first establish a *prima facie* case by showing (1) "[he] was protected under Title VII," (2) "[he] was selected from a larger group of candidates," (3) "[he] was performing at a level substantially equivalent to the lowest level of that in the group retained," and (4) "the process of selection produced a residual work force that contained some unprotected persons who were performing at a level lower than that at

5

which the plaintiff was performing." *Corti v. Storage Tech. Corp.*, 304 F.3d 336, 340 n.6 (4th Cir. 2002). To establish a *prima facie* case of retaliation, a plaintiff must show (1) "that he engaged in protected activity," (2) "that his employer took adverse action against him," and (3) "that a causal relationship existed between the protected activity and the adverse employment activity." *Foster*, 787 F.3d at 250 (alterations omitted). For each claim, if the plaintiff makes the showing, "the burden of production then shifts to the employer to articulate a non-discriminatory or non-retaliatory reason for the adverse action." *Guessous v. Fairview Prop. Inv., LLC*, 828 F.3d 208, 216 (4th Cir. 2016). If the employer meets this burden, "the burden then shifts back to the plaintiff to prove by a preponderance of the evidence that the stated reason for the adverse employment action is a pretext and that the true reason is discriminatory or retaliatory" *Id.*

Under the mixed-motive framework, a plaintiff alleging retaliation is required to prove that his protected activity "actually played a role in the employer's decisionmaking process and had a determinative influence on the outcome." *Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 351 F.3d 277, 286 (4th Cir. 2004) (en banc) (internal quotation marks omitted), *abrogated in part on other grounds, Univ. of Tex. Sw. Med. Ctr. v. Nassar*, ___ U.S. ___, 133 S.Ct. 2517, 2533 (2013). Importantly, a plaintiff who proceeds under this framework must present evidence that an actual decisionmaker, rather than other non-decisionmaking employees, was motivated to retaliate because of plaintiff's engaging in the protected activity. *See Balas v. Huntington Ingalls Indus., Inc.*, 711 F.3d 401, 411 (4th Cir. 2013) ("For [plaintiff]'s retaliatory termination claim to succeed, [he] must demonstrate that [defendant's allegedly biased employee] possessed such authority as to be viewed as the one principally responsible for the decision." (internal quotation marks omitted)); *Hill*, 351 F.3d at 291 ("[A]n employer will be liable not for the improperly motivated person who merely influences the decision, but for the person who in reality makes the decision.").

6

**A. Discriminatory discharge claim**

The Magistrate Judge determined that Defendant was entitled to summary judgment on Plaintiff's discriminatory discharge claim because Plaintiff failed to present sufficient evidence of the last two elements of his *prima facie* case: that he was performing at a level substantially equal to the lowest level of the workers who were not laid off and that the process for selecting workers to lay off resulted in Defendant's retaining workers who were not Caucasian and who were performing at a lower level than Plaintiff had been. In his objections, Plaintiff argues that he presented evidence that he was performing his job satisfactorily. The court notes that Plaintiff does not cite to any part of the record to support this assertion, but, more importantly, even if Plaintiff presented evidence that he performed satisfactorily, this evidence would not cure the evidentiary deficiency with respect to the two elements identified by the Magistrate Judge.

Plaintiff appears to be operating under the presumption that his burden to make out a *prima facie* claim should be assessed under the general elements applicable to discriminatory discharge claims. (*See* ECF No. 25 at 5 (setting forth generic elements of discriminatory discharge, including requirement that Platintiff prove "his job performance was satisfactory").) However, as the Magistrate Judge correctly noted, Plaintiff has never disputed that he was discharged pursuant to an RIF (ECF No. 28 at 12 n.7), and he has not objected to the Magistrate Judge's correct decision to assess his claim under the more particularized elements of discriminatory discharge that apply in the RIF context. Accordingly, the court concludes that, to the extent Plaintiff objects to the Magistrate Judge's treatment of his discriminatory discharge claim on the ground that he presented evidence of satisfactory job performance, that objection is overruled.

The remainder of Plaintiff's objections regarding the discriminatory discharge claim are conclusory and thus reviewed by the court only for clear error. Discerning no clear error, the court

7

overrules the objections and concludes that Defendant is entitled to summary judgment on the claim.

**B. Retaliatory discharge claim**

The Magistrate Judge determined that Defendant was entitled to summary judgment on Plaintiff's retaliation claim because Plaintiff failed to present sufficient evidence to make out a *prima facie* case of retaliation. In his objections, Plaintiff does not appear to challenge the Magistrate Judge's determination that he has failed to meet his initial burden under the *McDonnell Douglas* pretext framework. Instead, Plaintiff argues that summary judgment on the claim is inappropriate because he has presented sufficient evidence under the mixed-motive framework. (*See* ECF No. 29 at 4 ("Plaintiff objects to the determination that he has proffered no direct evidence that his race was a motivating factor in his termination."); *id.* ("Plaintiff's race was the motivating factor in every decision made by the Defendants, including the decision to ultimately terminate him.").)

Although the Magistrate Judge did not assess Plaintiff's retaliatory discharge claim under a mixed-motive framework, the court notes that the Magistrate Judge determined that "Plaintiff has provided no evidence suggesting that the decision makers in this case, the foremen that contributed to his Evaluation scores, had any knowledge of his protected activity." (ECF No. 28 at 15.) Plaintiff does not object to this determination but, instead, argues that he presented evidence of mistreatment based on his race, in which, he asserts, the foremen—the relevant decisionmakers identified by the Magistrate Judge—participated. (ECF No. 29 at 4.) Evidence that the relevant decisionmakers were aware of mistreatment based on race is simply not the same as evidence that they were aware of participation in a protected activity. Without the latter, Plaintiff cannot prove that the decisionmakers, rather than other non-decisionmaking employees, were motivated to

8

select Plaintiff for RIF because of Plaintiff's engaging in the protected activity. *See Balas*, 711 F.3d at 411; *Hill*, 351 F.3d at 291. Accordingly, because any error in the Magistrate Judge's failure to assess Plaintiff's retaliatory discharge claim under the mixed-motive framework would necessarily be harmless, the objection is overruled.

Because Plaintiff has not objected to the Magistrate Judge's determination that he failed to adduce sufficient evidence to meet his initial burden under the *McDonnell Douglas* pretext framework, that determination is reviewed by the court for clear error. Because the court discerns no clear error, the court concludes that Defendant is entitled to summary judgement on the claim.

**C. Other claims**

Plaintiff has not objected to the Magistrate Judge's determination that Defendant should be awarded summary judgment on any hostile work environment claim that can be gleaned from the complaint[3] and on the breach-of-contract claim.[4] Because the court discerns no clear error in the Magistrate Judge's determination with respect to these two claims, the court concludes that Defendant is entitled to summary judgment on them.

---

[3] Although, in his objections, Plaintiff asserts that he presented evidence of a hostile work environment, he only relies on this assertion in support of his argument that foremen were aware of mistreatment and, thus, that he had presented sufficient evidence for his claim of retaliatory discharge. (*See* ECF No. 29 at 4). He does not rely on the assertion in support of a stand-alone hostile work environment claim, and nowhere in his objections does he challenge the Magistrate Judge's determination that summary judgment on any such claim is appropriate because "Plaintiff has failed to show that Defendant subjected him to conduct that was so severe and pervasive to alter the conditions of his employment." (ECF No. 28 at 16.)

[4] At the hearing on the Motion for Summary Judgment, Plaintiff conceded that he does not challenge the Magistrate Judge's determination that Defendant is entitled to summary judgment on the breach-of-contract claim.

## III. CONCLUSION

Upon careful consideration of the entire record, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 28), incorporating it by reference. Defendant's Motion for Summary Judgement (ECF No. 21) is hereby **GRANTED**.

**IT IS SO ORDERED**.

*J. Michelle Childs*

United States District Court Judge

September 28, 2016
Columbia, South Carolina